

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00603-CV

**JUBILEE ACADEMIC CENTER, INC.,**
Appellant

v.

**SCHOOL MODEL SUPPORT, LLC** d/b/a Athlos Academies,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-22759
Honorable Monique Diaz, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 20, 2024

REVERSED IN PART AND RENDERED; AFFIRMED IN PART AND REMANDED

This is an accelerated interlocutory appeal from the trial court's order denying Jubilee Academic Center's combined no-evidence and traditional motion for summary judgment—which challenged the trial court's subject matter jurisdiction. In its motion, Jubilee asserted that, as a nonprofit corporation that operates charter schools, it was immune from suit because none of the plaintiff's damages were recoverable and its immunity was not waived. The trial court denied Jubilee's motion, and Jubilee appeals the trial court's order.

Because there was some evidence of a balance due and owed under the plaintiff's breach of contract claim, but future lost profits were not recoverable under the statute, we affirm the trial court's order in part, reverse and render in part, and remand the cause.

## BACKGROUND

This is not the parties' first appeal in the underlying dispute; our previous opinion provides background information on the parties, the services agreement, and our previous legal determinations. *Jubilee Acad. Ctr., Inc. v. Sch. Model Support, LLC* (*Jubilee I*), No. 04-21-00237-CV, 2022 WL 1479039 (Tex. App.—San Antonio May 11, 2022, pet. denied) (op. on reh'g).  Here, we repeat or provide additional background information for this appeal.

### A.    Parties

Jubilee Academic Center, Inc. is a Texas nonprofit corporation that owns and operates several open-enrollment charter schools in Texas.  Its charter schools are organized under the Texas Education Code.  *See* TEX. EDUC. CODE ANN. § 12.103.

School Model Support LLC, d/b/a Athlos Academies, is an Idaho limited liability company authorized to do business in Texas.  It provides support services for schools' physical education, athletic, and after-school programs.

### B.    School Services Agreement

On July 8, 2013, Jubilee and Athlos entered into a School Services Agreement.  Under the services agreement, Athlos provided Jubilee with marketing support, training, athletic and character development curriculum, athletic curriculum support and training, and athletic curriculum fixtures and equipment.  Athlos also granted Jubilee a limited license to use Athlos's trademarks at Jubilee's participating schools.  Each school had its own eight-year "Initial Term" of service, which began on its first day of campus operations and ended on "the last day of the school year in the eighth (8th) year."  For each month the school was operating, Jubilee agreed to

pay Athlos a monthly services fee. For the first two years of each school's initial term, the services fee was two percent of the local and state revenues Jubilee received for that school for that month. For the third through eighth years, the monthly services fees increased to four percent.

## C.     Jubilee's Athlos Academies

In 2014, Jubilee opened three campuses under the Athlos Academies name and using Athlos's services: one each in San Antonio, Wells Branch, and Brownsville.

In August 2016, Jubilee opened its fourth Athlos Academy using Athlos's services: Highland Hills.[1]

## D.     Athlos's Suit

Jubilee paid Athlos services fees for its San Antonio, Wells Branch, and Brownsville campuses from September 2014 through July 2017.

On February 1, 2017, Athlos began billing Jubilee for the Highland Hills campus.

In May 2017, Jubilee's bond offering memorandum stated Jubilee would discontinue its relationship with Athlos, but Jubilee did not terminate the services agreement.

On August 31, 2017, Athlos billed Jubilee for services fees for the Highland Hills campus for February–August 2017. But according to Athlos, Jubilee did not pay Athlos for the services rendered at its Highland Hills campus.

In December 2018, Athlos sued Jubilee for breach of contract and attorney's fees.

## E.     Jubilee's Defenses

Jubilee filed a plea to the jurisdiction, which was denied.

In April 2021, Jubilee filed a combined traditional and no-evidence motion for summary judgment. It argued that the Local Government Code's waiver of immunity to suit for certain

---

[1] We refer to what was the Athlos Leadership Academy – Premier campus as Highland Hills.

breach of contract claims did not apply, *see* TEX. LOC. GOV'T CODE ANN. § 271.152, and it was immune from Athlos's suit.

The trial court denied Jubilee's motion, and we affirmed the trial court's order. *Jubilee I*, 2022 WL 1479039, at *1–2.

**F.      Jubilee's Motion for Summary Judgment**

In May 2023, Jubilee filed a combined no-evidence and traditional motion for summary judgment. It argued that Athlos had no evidence of any damages other than lost profits, lost profits are consequential damages, consequential damages are not recoverable, and its immunity from suit was not waived. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(b)(1), (3).

**G.      Athlos's Responsive Pleadings**

Two weeks later, Athlos filed its second amended petition, and its response to Jubilee's motion.

In its second amended petition, Athlos's breach of contract claim asserted that Jubilee failed to pay any services fees for the Highland Hills campus or the 4% services fees for the remaining years of the respective terms for each of the four campuses, and these were balances due and owed by Jubilee under the School Services Agreement. Athlos also sought to recover its attorney's fees.

In its response to Jubilee's combined motion for summary judgment, Athlos attached an affidavit, excerpts from depositions, a declaration, a supplemental expert report, and other summary judgment proof.

**H.      Jubilee's Reply**

Jubilee filed its reply. It reiterated that the services fees Athlos would have received under the agreement if it had continued, less the expenses it avoided, are consequential damages, which by statute cannot be recovered, and its immunity was not waived.

## I.     Trial Court's Order

The trial court considered Jubilee's motion, Athlos's response, Jubilee's reply, the competent summary judgment evidence, and the parties' arguments; it denied Jubilee's motion. Jubilee appealed.[2]

## PARTIES' ARGUMENTS

### A.     Jubilee's Arguments

Jubilee asserts its immunity from suit was not waived because none of Athlos's claimed damages are recoverable under Chapter 271. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (addressing adjudicating contract claims against a local governmental entity).

Specifically, Jubilee contends Athlos used a lost-profits damages model, which makes all of Athlos's claimed damages lost profits. Because lost profits are inescapably categorized as consequential damages, and consequential damages are not recoverable under section 271.153, Athlos produced no evidence of recoverable damages. Accordingly, the trial court erred in denying its motion for summary judgment, and we should render a take-nothing judgment in its favor.

Alternatively, Jubilee asks that if we identify damages other than lost profits, we reverse the trial court's order on consequential damages and remand the cause for trial on just the potentially recoverable damages.

### B.     Athlos's Arguments

Athlos asserts all its breach of contract damages are direct, benefit-of-the-bargain damages and are recoverable under Chapter 271. It points to its summary judgment evidence of amounts it claims are due and owed by Jubilee under the services agreement. The amounts include profits it

---

[2] "[S]ection 51.014(a)(8) allows an interlocutory appeal to be taken when 'the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise.'" *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019) (quoting *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8)).

would have earned if the services agreement had continued at each school for the full eight-year term, and the fees Jubilee owes it for the months of services it provided to the Highland Hills school but for which it has not been paid. Athlos argues that its summary judgment evidence establishes that Jubilee's immunity from suit has been waived and the trial court has jurisdiction over its claims for breach of contract and attorney's fees.

## CHALLENGING IMMUNITY FROM SUIT

### A. Plaintiff's Burden

"[T]he burden to establish [the trial court's] jurisdiction, including waiver of a government defendant's immunity from suit, is on the plaintiff . . . ." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019); *see Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

The plaintiff must "allege[] facts that affirmatively demonstrate [the] trial court's subject matter jurisdiction." *Miranda*, 133 S.W.3d at 226; *accord Shady Shores*, 590 S.W.3d at 550.

### B. Governmental Entity's Challenge

The governmental entity may challenge the existence of the plaintiff's jurisdictional facts by a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226–27; *accord Shady Shores*, 590 S.W.3d at 550–51.

If "the evidence supporting jurisdiction and the merits is . . . intertwined," the governmental entity may also challenge jurisdiction "by a traditional or no-evidence motion for summary judgment." *Shady Shores*, 590 S.W.3d at 552; *see Harris Cnty. v. Lopez*, 665 S.W.3d 874, 878 (Tex. App.—Houston [14th Dist.] 2023, pet. denied); *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009, no pet.) (listing phrases courts have used to describe cases where "the jurisdictional inquiry is 'inextricably linked to the merits,' is 'inextricably bound to the merits,' or 'implicates the merits'").

**C.     No Evidence Motion**

For a no-evidence motion, "after an adequate time for discovery, the [governmental entity] movant must specify the elements for which no [jurisdictional] evidence exists." *Shady Shores*, 590 S.W.3d at 552; *see Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023).

"The court must grant such a 'no-evidence' motion unless the non-moving party responds with 'evidence raising a genuine issue of material fact.'" *Helena Chem.*, 664 S.W.3d at 72 (quoting TEX. R. CIV. P. 166a(i)).

"If the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, [a no-evidence] summary judgment is improper." *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023); *see* TEX. R. CIV. P. 166a(i); *Shady Shores*, 590 S.W.3d at 551.

**D.     Traditional Motion**

For a traditional motion, "after the [governmental entity] asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs . . . to show that there is a disputed material fact regarding the jurisdictional issue." *Miranda*, 133 S.W.3d at 228; *accord Shady Shores*, 590 S.W.3d at 552.  If there is a disputed material jurisdictional fact, summary judgment is not proper.  *See Shady Shores*, 590 S.W.3d at 552; *Miranda*, 133 S.W.3d at 228.

**E.     Order of Review**

"If a party moves for summary judgment on both traditional and no-evidence grounds, . . . we first consider the no-evidence motion." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).  If the no-evidence motion fails, we then consider the traditional motion.  *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 260 (Tex. 2020); *Shady Shores*, 590 S.W.3d at 552.

**F.      Evaluating Evidence**

In reviewing both no-evidence and traditional motions, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004); *accord Shady Shores*, 590 S.W.3d at 551; *Lightning Oil*, 520 S.W.3d at 45.

## WAIVING IMMUNITY

As a corporation that operates open-enrollment charter schools, Jubilee enjoys governmental immunity from suit. *See* TEX. EDUC. CODE ANN. § 12.1056(d); *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 529–30 (Tex. 2020); *Jubilee I*, 2022 WL 1479039, at *3.

But its immunity from suit may be waived "for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of [Subchapter I of Chapter 271]." *See* TEX. LOC. GOV'T CODE ANN. § 271.152; *Amex Props.*, 602 S.W.3d at 530. The subchapter's terms and conditions permit a monetary award for "the balance due and owed by the local governmental entity under the contract . . . [and] reasonable and necessary attorney's fees that are equitable and just," but they preclude any award for "consequential damages." TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1) (balance due and owed), .153(a)(3) (attorney's fees), .153(b)(1) (consequential damages); *accord Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cnty.*, 449 S.W.3d 98, 106 (Tex. 2014).

We previously determined that Jubilee was authorized to enter into the services agreement, and "the services agreement is a contract 'subject to' section 271.152's waiver of immunity." *Jubilee I*, 2022 WL 1479039, at *7. Therefore, Jubilee's immunity from suit was waived for Athlos's breach of contract claim if Athlos produced evidence of damages Jubilee owed it under the services agreement that were recoverable in accordance with the statute. *See* TEX. LOC. GOV'T

CODE ANN. § 271.153(a)(1), (b)(1) (authorizing recovery of "the balance due and owed by the local governmental entity under the contract" but prohibiting recovery of "consequential damages"); *Zachry*, 449 S.W.3d at 106.

## LIMITATIONS ON AWARDS

Section 271.153 limits adjudication awards, but it allows a breach of contract claim award against a local governmental entity for "the balance due and owed by the local governmental entity under the contract." TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1); *Zachry*, 449 S.W.3d at 106.

In construing the phrase "the balance due and owed . . . under the contract," *Zachry* and *Tooke* limit those damages to amounts owed for work actually performed. *See Zachry*, 449 S.W.3d at 108; *Tooke v. City of Mexia*, 197 S.W.3d 325, 346 (Tex. 2006). *Zachry* explained that recoverable damages do not include "lost profits [the plaintiff] would have made had the contract continued [because those are] 'consequential damages excluded from recovery under [Section 271.153]." *Zachry*, 449 S.W.3d at 108 (citing *Tooke*, 197 S.W.3d at 346); *see also Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 754 (Tex. 2017) (noting that "lost profits . . . are consequential damages that may not be recovered under [section 271.153]").

Section 271.153 also allows an award for "reasonable and necessary attorney's fees that are equitable and just." TEX. LOC. GOV'T CODE ANN. § 271.153(a)(3); *San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 630 (Tex. 2020).

## EVIDENCE OF RECOVERABLE DAMAGES

Athlos seeks to recover the 2% Services Fee for the first two years of the Highland Hills operations, the 4% Services Fee for the third through eighth years of the services agreement at all four campuses, and its attorney's fees.

But under section 271.153, Athlos may only recover damages for the work that it performed and for which it was not paid. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1); *Zachry*, 449 S.W.3d at 108; *Tooke*, 197 S.W.3d at 346.

Accordingly, we review the summary judgment evidence pertaining to Athlos's claimed damages for services it provided to Jubilee.

## A. Services Provided

Athlos claims it provided services to Highland Hills beginning in February 2017, but Jubilee never paid for those services.

To support its claim, it provided an affidavit from Russ Criddle, Athlos's Chief Financial Officer, and deposition testimony from Rene Gallegos, Jubilee's Chief Financial Officer.

Criddle averred that "Jubilee paid full Services Fees to Athlos for services received at the [Wells Branch], San Antonio, and Brownsville campuses as set forth in the Services Agreement [from September 2014 through July 2017]." But he added that "Jubilee has never paid any of the required Services Fees for the Highland Hills campus."

Gallegos agreed: "I don't believe we paid services for [the Highland Hills facility]."

## B. Breach of Contract Claim

In its combined no-evidence and traditional motion for summary judgment, Jubilee argued that Athlos presented no evidence of any damages other than lost profits—which are always consequential damages—and it was entitled to judgment as a matter of law.

Taking Criddle's affidavit and Gallegos's testimony as true, *see Lightning Oil*, 520 S.W.3d at 45 (summary judgment evidence), we conclude Athlos produced some evidence that it had

provided services to Jubilee at its Highland Hills school for which Jubilee had not paid Athlos,[3] *see Zachry*, 449 S.W.3d at 106 (balance due and owed).

We conclude Athlos met its burden to show Jubilee's immunity from suit was waived for its breach of contract claim for damages for services it provided but for which it was not paid. *See Zachry*, 449 S.W.3d at 108; *Tooke*, 197 S.W.3d at 346.

Accordingly, the trial court did not err in denying Jubilee's motion on Athlos's breach of contract claim for services it had provided to Jubilee but for which Jubilee had not paid Athlos. *See Zachry*, 449 S.W.3d at 106 (recognizing that section 271.152 "waives immunity from contract suits for local governmental entities" under certain conditions).

However, because Athlos could not recover "lost profits they would have made had the contract continued," the trial court should have granted summary judgment for Jubilee against Athlos's claim for lost profits for services it had not provided. *See Zachry*, 449 S.W.3d at 108; *Tooke*, 197 S.W.3d at 346.

## C.  Attorney's Fees

Jubilee sought summary judgment against Athlos's claim for attorney's fees because Athlos presented no evidence that Jubilee's immunity from suit was waived.

But as we have concluded, Jubilee's immunity from suit was waived for Athlos's breach of contract claim for damages for services provided but not paid. *See Zachry*, 449 S.W.3d at 106 (quoting TEX. LOC. GOV'T CODE ANN. § 271.153).

Therefore, the trial court properly denied Jubilee's motion for summary judgment against Athlos's claim for attorney's fees. *See id.* (conditions waiving immunity).

---

[3] Athlos may—or may not—have recoverable damages for services it provided to Jubilee for which it was not paid. *See Zachry*, 449 S.W.3d at 106 (balance due and owed).  Those questions, if any, were not before us.

CONCLUSION

Jubilee's argument—that all of Athlos's claimed damages are lost profits which by statute are unrecoverable consequential damages—is overbroad.

As *Zachry* explains, a breach of contract claim against a local governmental entity under Chapter 271, Subchapter I "for lost profits [the plaintiff] would have made had the contract continued" are consequential damages and are not recoverable under the statute. Accordingly, the trial court erred by denying Jubilee's motion for summary judgment against Athlos's breach of contract claim for future lost profits.

But Athlos produced evidence of amounts due and owed to it by Jubilee under the services agreement, and those breach of contract claim damages waived Jubilee's immunity from suit.

We reverse the portion of the trial court's order that denied Jubilee's motion for summary judgment against Athlos's breach of contract claim for future lost profits, and we render judgment that Athlos take nothing on those claimed damages.

We affirm the remainder of the trial court's order, and we remand the cause.

Patricia O. Alvarez, Justice